**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

TERRY CICIO,

                         Plaintiff

                - v -                                      Civ. No. 9:08-CV-491
                                                                  (GLS/RFT)

B. KOUROFSKY, *Sgt., Upstate Correctional Facility*;
DISHAW, *C.O., Upstate Correctional Facility*;
RAMSDALL, *C.O. Upstate Correctional Facility*;
BILOWARD, *C.O., Upstate Correctional Facility*; C.O. GOKEY,

                         Defendants.


**APPEARANCES:**                                 **OF COUNSEL:**

TERRY CICIO
Plaintiff, *Pro se*
01-R-5455
Upstate Correctional Facility
P.O. Box 2001
Malone, New York 12953

HON. ANDREW M. CUOMO                     CHRISTOPHER W. HALL, ESQ.
Attorney General of the State of New York      Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224-0341

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

*Pro se* Plaintiff Terry Cicio filed a civil rights Complaint, pursuant to 42 U.S.C. § 1983,

alleging that Defendants violated his Eighth Amendment rights by using excessive force and failing

to protect him. Dkt. No. 1, Compl. Defendants now move for summary judgment, pursuant to FED.

R. CIV. P. 56(c), which Motion Plaintiff opposes. Dkt. Nos. 23-24. For the reasons that follow, it

is recommended that the Defendants' Motion be **GRANTED**.

## I. FACTS

The following facts were derived mainly from the Defendants' Statement of Material Facts, submitted in accordance with N.D.N.Y.L.R. 7.1, which were not, in their entirety, specifically countered by Plaintiff. *See* N.D.N.Y.L.R. 7.1(a)(3) ("Any facts set forth in the Statement of Material Facts shall be deemed admitted unless specifically controverted by the opposing party." (emphasis in original)).  However, where Plaintiff has contradicted Defendants' 7.1 Statement, either in his Complaint, Deposition, or Response in Opposition to Defendants' Motion, we make note of such divergences.

On March 21, 2008, at Upstate Correctional Facility ("Upstate"), Plaintiff Terry Cicio was escorted to his cell by Defendants Sergeant (Sgt.) B. Kourofsky and Corrections Officers (C.O.'s) T. Ramsdall and P. Gokey, who were later assisted by C.O.'s Dishaw and Biloward.  Dkt. No. 23-1, Defs.' 7.1 Statement at ¶¶ 6 & 8-9.  Before Plaintiff entered the cell, one of the Officers attached a retention strap to Plaintiff's handcuffs.  *Id.* at ¶ 11; Compl. at ¶ 2 (asserting that Defendant Kourofsky applied the retention strap).  Once the cell door closed, Plaintiff told the Officers he was not going to give up the handcuffs until he spoke with a block sergeant.  Dkt. No. 24, Pl.'s Aff. in Opp'n to Defs.' Mot., dated July 6, 2009, at ¶ 2; Dkt. No. 23-3, Pl.'s Dep. Tr., dated Apr. 28, 2009, at pp. 9, 12, & 19-20.  Thereafter, two officers began pulling on the retention strap in order to force Plaintiff's hands through the "feed-up slot" in the door.  Defs.' 7.1 Statement at ¶ 16; Compl. at ¶ 4.  Plaintiff, whose back was facing the door in accordance with the standard procedure, was forced up against the door and his hands became trapped between his body and the door.  Defs.' 7.1 Statement at ¶¶ 13 & 17; Compl. at ¶ 5.  At the direction of Defendant Sgt. Kourofsky, all four Defendant Officers began pulling on the retention strap.  Defs.' 7.1 Statement at ¶ 19; Compl. at ¶¶

6-7. Plaintiff tried to tell the Officers that his hands were pinned against the door, but they continued to pull on the strap, possibly because they could not hear what he was saying. Defs.' 7.1 Statement at ¶¶ 20-21; Pl.'s Aff. at ¶ 4. After no more than a few minutes, Plaintiff was able to guide his hands through the slot and the handcuffs were removed. Defs.' 7.1 Statement at ¶¶ 24-27; Compl. at ¶ 8; Pl.'s Dep. Tr. at pp. 15 (stating it took him "a second" to push his hands through the slot) & 18 (stating it took him "a few minutes" to get his hands through the slot).

Plaintiff alleges that he suffered the following injuries as a result of the above incident: lacerations, swelling, and abrasions on his wrists, and tingling and partial loss of feeling in his right thumb. Compl. at ¶ 11; Pl.'s Dep. Tr. at pp. 18-19.

## II. DISCUSSION

### A. Standard of Review

Pursuant to FED. R. CIV. P. 56(c), summary judgment is appropriate only where "there is no genuine issue as to any material fact and [the moving party] is entitled to judgment as a matter of law." The moving party bears the burden to demonstrate through "'pleadings, depositions, answers to interrogatories, and admissions on file, together with [] affidavits, if any,'" that there is no genuine issue of material fact. *F.D.I.C. v. Giammettei*, 34 F.3d 51, 54 (2d Cir. 1994) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "When a party has moved for summary judgment on the basis of asserted facts supported as required by [Federal Rule of Civil Procedure 56(e)] and has, in accordance with local court rules, served a concise statement of the material facts as to which it contends there exist no genuine issues to be tried, those facts will be deemed admitted unless properly controverted by the nonmoving party." *Glazer v. Formica Corp.*, 964 F.2d 149, 154 (2d Cir. 1992).

To defeat a motion for summary judgment, the non-movant must "set out specific facts showing [that there is ] a genuine issue for trial," and cannot rest "merely on allegations or denials" of the facts submitted by the movant.  FED. R. CIV. P. 56(e); *see also Scott v. Coughlin*, 344 F.3d 282, 287 (2d Cir. 2003) ("Conclusory allegations or denials are ordinarily not sufficient to defeat a motion for summary judgment when the moving party has set out a documentary case."); *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 525-26 (2d Cir. 1994).  To that end, sworn statements are "more than mere conclusory allegations subject to disregard . . . they are specific and detailed allegations of fact, made under penalty of perjury, and should be treated as evidence in deciding a summary judgment motion" and the credibility of such statements is better left to a trier of fact. *Scott v. Coughlin*, 344 F.3d at 289 (citing *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983) and *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995)).

When considering a motion for summary judgment, the court must resolve all ambiguities and draw all reasonable inferences in favor of the non-movant.  *Nora Beverages, Inc. v. Perrier Group of Am., Inc.,* 164 F.3d 736, 742 (2d Cir. 1998).  "[T]he trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them.  Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994).  Furthermore, where a party is proceeding *pro se*, the court must "read [his or her] supporting papers liberally, and . . .  interpret them to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994), *accord, Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995).  Nonetheless, mere conclusory allegations, unsupported by the record, are insufficient to defeat a motion for summary judgment.  *See Carey*

*v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991).

## B.  Eighth Amendment Claims

### 1. *Excessive Force*

Plaintiff asserts that Defendants Dishaw, Biloward, Ramsdall, and Gokey violated his Eighth Amendment rights when they forced his cuffed hands through the slot in his prison cell door by pulling on the retention strap attached to his handcuffs.  Compl. at ¶ 12.

The Eighth Amendment prohibits the infliction of cruel and unusual punishment and is applicable to the states through the Due Process Clause of the Fourteenth Amendment.  *Robinson v. California*, 370 U.S. 660, 666-67 (1962) (cited in *Tramell v. Keane, et al.*, 338 F.3d 155, 161 (2d Cir. 2003)).  To validly assert a violation of the Eighth Amendment through the use of excessive force, an inmate must prove two components: (1) subjectively, that the Defendant acted wantonly and in bad faith, and (2) objectively, that the Defendant's actions violated "contemporary standards of decency." *Blyden v. Mancusi*, 186 F.3d 252, 262-63 (2d Cir. 1999) (internal quotations omitted) (citing *Hudson v. McMillan*, 503 U.S. 1, 8 (1992)).

Regarding the objective element of our Eighth Amendment analysis, we note initially that " a *de minimis* use of force will rarely suffice to state a constitutional claim[.]" *Romano v. Howarth*, 998 F.2d 101, 105 (2d Cir. 1993).  In that respect, "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973) (quoted in *Hudson v. McMillian*, 503 U.S. at 10).  However, the malicious use of force to cause harm constitutes an Eighth Amendment violation *per se* because in such an instances "contemporary standards of decency are always violated." *Blyden v. Mancusi*, 186 F.3d at 263 (citing *Hudson v. McMillian*, 503 U.S. at 9).  For example,

"when a prison guard applies force against a prisoner that poses no reasonable threat simply because the guard loses his or her temper and wishes to wantonly inflict pain on the prisoner, a *per se* violation of the Eighth Amendment occurs." *Beckford v. Portuondo*, 151 F. Supp. 2d 204, 216 (N.D.N.Y. 2001) (citation omitted).

The key inquiry into a claim of excessive force is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. at 7 (citing *Whitley v. Albers*, 475 U.S. 312, 321-22 (1986)); *see also Johnson v. Glick*, 481 F.2d at 1033. To determine whether a defendant acted maliciously, several factors should be examined, including "the extent of the injury and the mental state of the defendant, as well as 'the need for the application of force; the correlation between that need and the amount of force used; the threat reasonably perceived by the defendants; and any efforts made by the defendants to temper the severity of a forceful response.'" *Scott v. Coughlin*, 344 F.3d 282, 291 (2d Cir. 2003) (quoting *Romano v. Howarth*, 998 F.2d at 105).

In this case, Plaintiff admits that Defendants' use of force was prompted by his own refusal to follow a direct order. Plaintiff states that because of problems between he and Defendant Dishaw, he did not want to be transferred to another cell, which apparently was located on the block where Dishaw worked. Pl.'s Dep. Tr. at p. 9; Pl.'s Aff. at ¶ 6. Plaintiff asked to speak with the block sergeant in order to explain the situation, but the Officers denied his request, at which point Plaintiff "told [one of the Officers] that [he] wasn't going to give back [his] cuffs until [he] spoke to the [block] sergeant." Pl.'s Dep. Tr. at pp. 9 & 12. Plaintiff was given a direct order to place his hands out of the hatch, but refused. *Id.* at p. 20.

Moreover, given Plaintiff's refusal to obey a direct order, the Defendant Officers' use of

force was not wanton nor unprovoked.  The Officers merely pulled Plaintiff towards his cell door using a retention strap and forced his hands through the slot in order to remove Plaintiff's handcuffs. Indeed, Plaintiff conceded in his deposition that at the time of the incident, Defendants' goal was probably "to get the cuffs off."  Pl.'s Dep. Tr. at p. 30.

In his Deposition and in his Opposition to Defendants' Motion, Plaintiff alleges that pursuant to DOCS' regulations, Defendant Kourofsky should not have instructed the other Officers to pull his hands through the hatch, but rather, should have gotten the block sergeant, who was the correct person to order that the cuffs be removed.  Pl.'s Dep. Tr. at p. 29; Pl.'s Aff. at ¶ 7.  However, even assuming Defendants did not correctly follow DOCS' procedures, a violation of DOCS regulations is not a constitutional violation, and therefore is not a valid basis for relief in a § 1983 action.  *See Patterson v. Coughlin,* 761 F.2d 886, 891 (2d Cir. 1985) ("a state employee's failure to conform to state law does not in itself violate the Constitution and is not alone actionable under § 1983"). Moreover, inmates do not have a constitutional right to disobey the direct order of any corrections officer, even when they correctly believe that the order is unauthorized.  *Torres v. Selsky*, 2005 WL 948816, at *8 (N.D.N.Y. Apr. 25, 2005); *see also Kalwasinski v. Artuz*, 2003 WL 22973420, at *3 (S.D.N.Y. Dec. 18, 2003) (stating that the inappropriateness of an order does not excuse its noncompliance, even when the inmate feels the order violates his constitutional rights).

Therefore, we find that there is no question of material fact regarding Defendants' motivation for using force to remove Plaintiff's handcuffs, and therefore, we recommend **dismissal** of this claim.

### 2.  *Failure to Protect*

Plaintiff asserts Defendant Kourofsky violated his Eighth Amendment rights by ordering the

other Officers to use force in order to remove his handcuffs.  Compl. at ¶ 13.  The Eighth Amendment requires prison officials to "take reasonable measures to guarantee the safety of inmates in their custody."  *Hayes v. New York City Dep't of Corr.*, 84 F.3d 614, 620 (1996); *Heisler v. Kralik*, 981 F. Supp. 830, 837 (S.D.N.Y. 1997) ("Prison officials have a constitutional duty to act reasonably to ensure a safe environment for a prisoner when they are aware that there is a significant risk of serious injury to that prisoner."); *see also Hendricks v. Coughlin*, 942 F.2d at 113; *Avincola v. New York State Dep't of Corr. Servs.*, 1998 WL 146280, at *3 (N.D.N.Y. Mar. 27, 1998).

In order to state a claim for failure to protect, the prisoner must demonstrate that the prison officials "acted with deliberate indifference with respect to his safety or with an intent to cause harm to him." *Hendricks v. Coughlin*, 942 F.2d at 113.  The key element of a failure to protect claim is the existence or potential existence of a substantial risk of serious harm and not the actual harm which may or may not ensue.  *Farmer v. Brennan*, 511 U.S. 825, 836 (1994).

In this case there was neither a substantial risk of serious harm nor deliberate indifference on Kourofsky's part.  As previously discussed, Plaintiff disobeyed a direct order, which necessitated Defendants' use of force in order to pull his hands out of the cell and remove his handcuffs.  Kourofsky's order to remove the handcuffs was not unreasonable and did not create a substantial risk of harm to Plaintiff.

Therefore, it is recommended that Summary Judgment be **granted** on this claim as well.

### III.  CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Defendants' Motion for Summary Judgment (Dkt. No. 23) be **GRANTED** in its entirety and the Complaint (Dkt. No. 1) **DISMISSED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

Date:   February 18, 2010
        Albany, New York

RANDOLPH F. TREECE
United States Magistrate Judge