**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

**TERRY CICIO,**

                  **Plaintiff,**                  **9:08-cv-491
                                                                                (GLS/RFT)**

                  v.

**B. KOUROFSKY,** Sgt., Upstate Correctional Facility; **DISHAW,** C.O., Upstate Correctional Facility; **RAMSDALL,** C.O., Upstate Correctional Facility; **BILOWARD,** C.O., Upstate Correctional Facility; and **GOKEY,** C.O., Upstate Correctional Facility,

                  **Defendants.**

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:**<br>TERRY CICIO<br>Pro Se<br>01-R-5455<br>Upstate Correctional Facility<br>P.O. Box 2001<br>Malone, New York 12953 | |
| **FOR THE DEFENDANTS:**<br>HON. ANDREW M. CUOMO<br>New York Attorney General<br>The Capitol<br>Albany, New York 12224 | CHRISTOPHER W. HALL<br>Assistant Attorney General |

**Gary L. Sharpe
District Court Judge**

## **MEMORANDUM-DECISION AND ORDER**

### **I. Introduction**

Pro se plaintiff Terry Cicio, an inmate at Upstate Correctional Facility, brings this action under 42 U.S.C. § 1983 alleging that defendants B. Kourofsky, Dishaw, Ramsdall, Biloward, and Gokey violated his Eighth Amendment rights by using excessive force and failing to protect him. (*See* Compl., Dkt. No. 1.)  Defendants moved for summary judgment. (Dkt. No. 23.)  In a Report-Recommendation and Order (R&R) filed February 18, 2010, Magistrate Judge Randolph F. Treece recommended that defendants' motion be granted.  (Dkt. No. 27.)  Pending are Cicio's timely objections to the R&R.  (Dkt. No. 28.)  For the reasons that follow, the R&R is adopted and defendants' motion for summary judgment is granted.

### **II. Discussion**

Before entering final judgment, this court routinely reviews all report and recommendation orders in cases it has referred to a magistrate judge. If a party has objected to specific elements of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations de novo.  *See Almonte v. N.Y. State Div. of Parole*, No. 04-cv-484, 2006 WL 149049, at *6-7 (N.D.N.Y. Jan. 18, 2006).  In those

2

cases where no party has filed an objection, or only a vague or general objection has been filed, this court reviews the findings and recommendations of a magistrate judge for clear error.  *See id.*

Cicio makes several objections to the R&R.  Having disregarded all objections that fall outside the current complaint and taking into consideration Cicio's pro se status, the remaining objections are as follows: (1) that two of the factual determinations made by Judge Treece were erroneous; and (2) that defendant Kourofsky failed to protect him.

First, with regards to Cicio's Eighth Amendment claim of excessive force, Judge Treece determined that the defendants' use of force was not wanton or unprovoked, but was caused by Cicio's refusal to obey a direct order.  Specifically, the evidence establishes that defendants pulled Cicio towards his cell door using a retention strap and forced his hands through the slot in order to remove his handcuffs.  (See R&R at 6-7, Dkt. No. 27.)  Judge Treece found that the force used to remove Cicio's handcuffs was not excessive and therefore recommended dismissal of this claim.  (See R&R at 7, Dkt. No. 27.)  In objecting to Judge Treece's findings, Cicio claims that no force was necessary because he was already secured in his cell and could not cause harm to himself or others.  (*See* Objections at 2,

3

Dkt. No. 28.) In light of Cicio's objection, the court has reviewed the relevant portion of the R&R de novo. The court agrees with Judge Treece's finding that an inmate does not have a constitutional right to disobey the direct order of a corrections officer, even when the inmate correctly believes that the order is unauthorized. *Torres v. Selsky*, No. Civ.A.9:02CV0527, 2005 WL 948816, at *8 (N.D.N.Y. Apr. 25, 2005).

Second, Cicio claims that defendant Kourofsky failed to protect him during the incident. In order for a prisoner to prove an Eighth Amendment claim of failure to protect, the prisoner must demonstrate that the prison officials "acted with deliberate indifference with respect to his safety or with an intent to cause harm to him," *Hendricks v. Coughlin*, 942 F.2d 109, 113 (2d Cir. 1991), with the key element being the existence or the potential existence of a substantial risk of serious harm and not the actual harm which may or may not ensue, *see Farmer v. Brennan*, 511 U.S. 825, 836 (1994). Judge Treece found in this case that defendant Kourofsky's order to remove the handcuffs was not unreasonable and did not create a substantial risk of serious harm to Cicio. Thus, Judge Treece recommended that this claim also be dismissed. (See R&R at 8, Dkt. No. 27.)

4

Cicio disagrees with Judge Treece's finding.  He claims that when Kourofsky gave the order to remove the handcuffs by pulling on the retention strap, he failed to protect him from being the victim of excessive force.  (*See* Objections at 3, Dkt. No. 28.)  Having reviewed de novo the relevant portion of the R&R, the court agrees with the finding that Kourofsky's use of force was a direct result of Cicio's refusal to obey a direct order.  The order neither was unreasonable nor did it create a substantial risk of harm to him.  Accordingly, Cicio's failure to protect claim is dismissed.

Cicio did not object to any other portion of the R&R.  Having reviewed the remainder of the R&R for clear error, the court finds no error.  Accordingly, the R&R is adopted in its entirety, and, for the reasons articulated therein, defendants' motion for summary judgment is granted and the case is dismissed.

### III. Conclusion[1]

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge Ralph F. Treece's Report-

---

[1] On March 15, 2010, Cicio filed a document entitled notice of intent to appeal (Dkt. No.29).  Cicio contends that the district court entered judgement on February 18. However, he is mistaken and at any rate, this order renders the issue moot. Accordingly, the Clerk of the Court is directed to terminate the document.

Recommendation and Order (Dkt. No. 27) is **ADOPTED** in its entirety; and it is further

**ORDERED** that defendants' motion for summary judgment (Dkt. No. 23) is **GRANTED** and Cicio's complaint is **DISMISSED**; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

December 9, 2010
Albany, New York

_____
United States District Court Judge